IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                        Case No. 3:07cv452

PHILIP GENE KLINE, et al.,      JUDGE WALTER HERBERT RICE

        Defendants.

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #26) IN ITS ENTIRETY; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT, PHILIP GENE KLINE, FOR PLAINTIFF'S UNPAID TRUST FUND TAXES AND ENABLING IT TO FORECLOSE ITS TAX LIENS UPON AND TO ORDER THE SALE OF THE PROPERTY TITLED IN THE NAME OF DEBBIE PERRY IN LAWRENCE COUNTY, OHIO; ORDER STRIKING DEFENDANTS' UNTIMELY ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS (DOC. #22); OBSERVATIONS WITH REGARD TO TIMELY FILED ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (DOC. #22); DIRECTIVE TO PLAINTIFF'S COUNSEL; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth by the Plaintiff, in both the Initial (Doc. #26) and Reply Memoranda (Doc. #28), filed in support of its Motion for Summary Judgment (Doc. #26), as well as upon a thorough consideration of the attachments to the Initial such Memorandum and the procedural implications drawn therefrom, as well as upon a thorough review of the

applicable law, said Motion is deemed to be well taken and is, therefore, sustained in its entirety. Judgment is to be entered in favor of the Plaintiff and against Defendant, Philip Gene Kline, in the following respects:

1. In the amount of $119,223.55, as of August 13, 2007, together with accrued interest from the foregoing date, representing the Defendant Kline's liability for the unpaid trust fund taxes with respect to L. K. Kline Sons & Inc., for the quarters from December 31, 1989, through September 30, 1990, and from March 31, 1991; and

2. Permitting the Plaintiff to foreclose its tax liens upon and to order the sale of property that is titled in the name of Debbie Perry, the nominee of Philip Kline, with respect to the property in question at 6016 State Road 650, Ironton, Lawrence County, Ohio, said Debbie Perry having been defaulted as a party.

The Defendant Philip Gene Kline's untimely answers to Plaintiff's Request for Admissions (Doc. #22), filed March 27, 2009,[1] are stricken.

---

[1] On March 18, 2009, the United States Magistrate Judge filed an Order deeming the matters set forth in the Plaintiff's first Request for Admissions admitted, due to the Defendant Kline's failure to respond (Doc. #21). On March 27, 2009, said Defendant filed Answers, *inter alia*, to Plaintiff's Request for Admissions, without leave of Court or a request for an Order of the Court allowing it to withdraw Request for Admissions conclusively deemed admitted. In the body of such untimely response, Defendant Kline sets forth the fact that the Answers were served upon the Government on March 16th. There being no proof in the record of same and, further, given that such document was not filed until March 27th, this Court concludes that it is proper to rely upon the date of filing, rather than on the Defendant's unsupported allegation of its having been served on the Government some 11 days prior.

In that same Order Compelling Discovery (Doc. #21), filed March 18, 2009, the Magistrate Judge also ordered "that Defendant Kline answer Plaintiff's First Set of

Should the Plaintiff wish to file an Amended Judgment entry, reflecting the Court's sustaining of its Motion for Summary Judgment herein, the same should be filed not later than 10 calendar days from the date of filing of this Order.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| March 9, 2010 | /s/ Walter Herbert Rice <br> WALTER HERBERT RICE <br> UNITED STATES DISTRICT JUDGE |

Copies to:

All Counsel of Record

---

Interrogatories under oath and produce the documents requested in Plaintiff's First Request for the Production of Documents not later than March 28, 2009." In the same documents in which Defendant Kline indicated, on March 27, 2009, that he had served Answers to Plaintiff's Request for Admissions on March 16th, he also indicated that he had served Answers to Plaintiff's Interrogatories and Request for Production of Documents upon Plaintiff on the same day. Even assuming, *arguendo*, that such took place on March 16th, and were, therefore, timely, a review of those Answers to Interrogatories and Request for Production of Documents, set forth by Defendant in his Appendix to his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. #28, Exhibit 2), filed June 5, 2009, fail to create a genuine issue of material fact on the issues presented by the Plaintiff's Motion for Summary Judgment.